B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Middle District of Florida | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>JULIE SATTERFIELD-PRICE | Case Number:<br>9:12-bk-11704-FMD |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

JON D. PARRISH

Name and address where notices should be sent:

c/o Miller and Hollander
2430 Shadowlawn Drive, Suite 18
Naples, FL 34112

Telephone number: (239) 775-2000    email:

Name and address where payment should be sent (if different from above):

Telephone number:    email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $            135,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**    Domestic support
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** ____ | **3a. Debtor may have scheduled account as:** ____<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):** ____<br>(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐Real Estate ☐Motor Vehicle ☐Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ☐Fixed or ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection: _____

Amount of Secured Claim: $_____

Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☑ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$            135,000.00
Plus interest at statutory rate from date of Judgment and attorneys fees.

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

Exhibit "1"

B 10 (Official Form 10) (12/11)                                                                                              2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (*See instruction #7, and the definition of "redacted".*)

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.  ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
                      (Attach copy of power of attorney, if any.)   or their authorized agent.            (See Bankruptcy Rule 3005.)
                                                                    (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  JON D. PARRISH
Title:
Company:
Address and telephone number (if different from notice address above):
    c/o Miller and Hollander, 2430 Shadowlawn
    Drive, Suite 18, Naples, FL 34112                    (Signature)                          11/28/12.
                                                                                                (Date)
Telephone number:                    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

---

**Exhibit "1"**

B 10 (Official Form 10) (12/11)    3

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
COLLIER COUNTY, FLORIDA-CIVIL DIVISION

IN RE:

JULIE S. PRICE f/k/a JULIE PARRISH,

    Former Wife/Petitioner,

vs.                      CASE NO.: 00-3468-CA

JON D. PARRISH,

    Former Husband/Respondent.

## OMNIBUS ORDER

THIS CAUSE having come on to be heard on January 4, 5 and 6, 2012 upon the
following motions and reservations of Orders:

1.    The reservation for allocation of fees and costs in the Order of February 10,
2011 (Order #1);

2.    The reservation for allocation of fees and costs in the Order of February 10,
2011 (Order #2);

3.    The reservation of sanctions in the Order of June 17, 2011;

4.    The reservation for allocation of fees and costs in the Order of July 5, 2011;

5.    The reservation for allocation of fees and costs in the Order of August 4,
2011;

6.    The reservation for allocation of fees and costs in the Court's Orders of
November 30, 2011 and December 1, 2011;

7.    Former Husband's Ninth Emergency Motion for Contempt and Injunctive

1

Relief dated August 3, 2011;

     8.    Former Husband's Tenth Motion for Contempt dated September 6, 2011;

     9.    Former Husband's Eleventh Motion for Contempt dated September 6, 2011;

     10.    Former Husband's Twelfth Motion for Contempt dated October 7, 2011;

     11.    Former Husband's Thirteenth Motion for Contempt dated October 7, 2011;

     12.    Former Husband's Fourteenth Motion for Contempt dated October 14, 2011;

     13.    Former Husband's Verified Fifteenth Motion for Contempt dated November 10, 2011;

     14.    Former Husband's Verified Emergency Sixteenth Motion for Contempt and Amended Motion for Temporary Custody of the Minor Child, Anne Parrish, or in the alternative, for Placement of the Minor Child with a Third-Party dated November 10, 2011;

     15.    Former Husband's Emergency Motion to Compel and for Contempt dated December 13, 2011;

     16.    Former Husband's Amended Emergency Motion to Compel and for Contempt dated December 20, 2011; and

     17.    Former Husband's Emergency Nineteenth Motion for Contempt dated December 28, 2011.

A.    **RESERVATION OF FEES AND COSTS CONTAINED IN THE FEBRUARY 10, 2011 ORDER (Order #1) AND JUNE 17, 2011 ORDER:**

    THIS CAUSE having come on to be heard upon the reservation of the award and allocation of fees and costs by the Court in the Orders dated February 10, 2011 (Order #1) and June 17, 2011, and having considered the testimony of the parties, considered the evidence presented, the argument of counsel and being otherwise advised in the premises,

2

the Court finds as follows:

(i)    This Court reserves jurisdiction for the allocation of Dr. Carter's fees for the parental evaluation based upon a determination and cooperation of Former Wife from the Order of the Court dated February 10, 2011.

(ii)    Former Wife failed to cooperate with Dr. Carter with regard to the parental evaluation.

(iii)    Former Wife consistently interfered with the child custody evaluation.

(iv)    The Court incorporates by reference the findings of fact in the Order of January 11, 2012, regarding the indirect criminal contempt.

(v)    Former Wife did not voluntarily cooperate with appointments and Court Orders were required before she would participate.

(vi)    The Court was required to enter orders appointing third parties to transport the children because of Former Wife's failure to cooperate.

(vii)    Former Wife secreted the whereabouts of the minor child, Anne Parrish, causing her to miss her appointment with Dr. Debra Carter.

(vii)    The actions of Former Wife resulted in significant delays with the completion of the parental evaluation.

(viii)    Former Wife was aware of the time constraints with regard to this action and the importance of completing the evaluation as expeditiously as possible.

(ix)    Former Wife consistently attempted to interfere and create delays in the completion of the evaluation.

(x)    The cost of the evaluation was significantly greater then was anticipated due to Former Wife's actions.

3

(xi)   The Court initially required Former Husband to pay the cost of the evaluation, however, the Court is going to allocate a portion of the evaluation to Former Wife.

(xii)   The Court reserves jurisdiction for a determination for the amount of Dr. Carter's fees that will be allocated to Former Wife and the entry of a judgment in that regard.

(xiii)   Former Wife's actions in failing to cooperate with the parental evaluation constitutes contempt.

(xiv)   Former Husband is awarded attorney's fees for the prosecution of this issue and reserves jurisdiction for a determination of the amount of attorney's fees to be awarded Former Husband and the entry of a judgment against Former Wife as a result.

Based upon the above findings of fact it is,

ORDERED AND ADJUDGED as follows:

1.   The Court awards a portion of the costs and fees related to the parenting evaluation by Dr. Debra Carter to Former Husband.

2.   Former Wife is in contempt for her failure to comply with the Orders of this Court dated February 10, 2011 (Order #1) and June 17, 2011.

3.   Former Husband is entitled to an award of attorney's fees, and the Court reserves jurisdiction for the determination of the amount and the entry of a judgment against Former Wife in favor of Former Husband.

**B.   RESERVATION OF FEES AND COSTS CONTAINED IN THE FEBRUARY 10, 2011 ORDER (Order #2):**

Based upon the testimony of the parties, the Court finds as follows with regard to the reservation of fees and costs in the Order of February 10, 2011 (#2):

4

(i)     The Court entered an Order on February 10, 2011 appointing Nancy Edwards, LLC, to perform an educational evaluation of the minor child, Anne Parrish.

(ii)     Pursuant to the Order the Court reserved jurisdiction to determine whether the costs incurred for the evaluation should be shared.

(iii)     After the entry of the Order, Former Wife discussed the appointment of Nancy Edwards with the minor child, Anne Parrish.

(iv)     Former Wife advised the minor child that the evaluation was at the request of Former Husband for the purpose of sending the minor child to boarding school.

(v)     Because of the comments made by Former Wife, Former Husband did not proceed with the evaluation because of his reasonable concern for the adverse impact on the relationship between himself and the minor child, Anne Parrish.

(vi)     Former Husband's request for the appointment of the educational evaluation was reasonable and well-founded because of his concerns for the academic performance of the minor child.

(vii)     The evidence indicates that the academic performance of the minor child is poor.

(viii)     Former Husband incurred attorney's fees in the pursuit of the appointment of the educational evaluator.

Based upon the above findings of fact it is,

**ORDERED AND ADJUDGED** as follows:

1.     The Court awards the costs and fees related to the appointment of the educational evaluation to the Former Husband.

2.     The Court awards the attorney's fees incurred by Former Husband and the

5

pursuit of the Order for the educational evaluation to Former Husband.

3.    The Court finds Former Husband is entitled to an award of attorney's fees, and the Court reserves jurisdiction for the determination of the amount and the entry of a judgment against Former Wife in favor of Former Husband.

**C.    RESERVATION OF ALLOCATION OF FEES AND COSTS CONTAINED IN THE JULY 5, 2011 ORDER TO SHOW CAUSE:**

THIS CAUSE having come on to be heard upon the reservation of allocation of fees and costs contained in the July 5, 2011 Order to Show Cause, and having considered the testimony of the parties, considered the evidence presented, the argument of counsel and being otherwise advised in the premises, the Court finds as follows:

(i)    On July 5, 2011, this Court entered an Order to Show Cause and the Court reserved jurisdiction to impose appropriate civil sanctions.

(ii)    The Order to Show Cause set for a violation of this Court's Order dated June 27, 2011, which required the Former Wife to present the minor child, Anne Parrish, to the court-appointed Guardian Ad Litem, Holly B. Chernoff, on June 29, 2011 so the Guardian Ad Litem may transport the minor child to the offices of Dr. Debra Carter to complete the parental evaluation.

(iv)    The Order of June 27, 2011, enjoined Former Wife from participating in the appointment with Dr. Carter and the minor child, Anne Parrish.

(v)    The Order of June 17, 2011, enjoined Former Wife from discussing any information regarding this litigation with the minor child, Anne Parrish.

(vi)    This Court had previously entered on May 12, 2011, an Order requiring Former Wife to present herself and the minor children to Dr. Debra Carter no later than

6

noon on May 19, 2011.

(vii)   Due to Former Wife's failure to cooperate, this Court entered the Order dated June 17, 2011.

(viii)   The Court also entered an Order on February 10, 2011  requiring Former Wife to cooperate with Dr. Carter with all reasonable requests so as to expedite the evaluation.

(ix)   Former Wife was well aware of the Order of June 17, 2011.

(x)   Former Wife was well aware of the Order of February 10, 2011.

(xi)   Former Wife was well aware of the Order of May 12, 2011.

(xii)   Former Wife failed to cooperate with Dr. Carter and the social and parental evaluation by not providing access to the minor children on a scheduled appointment prior to May 19, 2011.

(xiii)   Former Wife failed to deliver the minor child, Anne Parrish, to the Guardian Ad Litem, Holly B. Chernoff, on June 29, 2011;

(xiv)   Former Wife failed to insure that the minor child, Anne Parrish, attended her appointment with Dr. Carter on June 29, 2011;

(xv)   Former Wife secreted the whereabouts of the minor child, Anne Parrish, from 6:45 a.m. on June 29, 2011 until 9:00 a.m. on July 1, 2011, thereby thwarting the ability of the Guardian Ad Litem to make contact with the minor child and deliver the minor child to Dr. Debra Carter for evaluation.

(xvi)   The actions of Former Wife constitute contempt.

(xvii)   The actions of Former Wife resulted in significant delays in the evaluation because Former Wife was aware that Dr. Carter would be unavailable for the month of

7

July, 2011.

(xviii)  All parties and participants in this action were keenly aware of the need to complete the evaluation as soon as possible and the delays that had been incurred as a result of the inability to complete the evaluation were caused by Former Wife.

(xix)  Former Wife continued despite warnings from the Court to frustrate the evaluation process and cause delays that added expense and frustration to this action.

(xx)  Former Wife pled no contest to the Order to Show Cause dated July 5, 2011.

(xxi)  Former Wife presented a basis for mitigating her actions for purposes of sanctions and sentencing.

(xxii)  This Court entered an Order on January 11, 2012 sentencing Former Wife as a result of the indirect criminal contempt and reserved jurisdiction for additional sanctions and fees.

(xxiii)  Former Husband incurred attorney's fees and costs as a result of the delays and the contemptuous behavior of Former Wife.

(xxiv)  Former Husband is entitled to an award of attorney's fees and costs.

Based upon the above Findings and Fact with regard to the reservation of fees and costs in the Order to Show Cause dated July 5, 2011, it is

ORDERED AND ADJUDGED, as follows:

1.    The request of Former Husband for sanctions including the allocation of attorney's fees and costs against Former Wife is GRANTED.

2.    Former Husband is entitled to an award of attorney's fees and costs, including the additional costs incurred by the Guardian Ad Litem, the Supervisor of Visitation and the Parental Evaluator as a result of the contempt of Former Wife.

8

3.      The Court reserves jurisdiction for the entry of an Order establishing the

amount of fees and costs and for the entry of a judgment against Former Wife.

**D.      RESERVATION OF FEES AND COSTS BY COURT IN THE AUGUST 4, 2011
ORDER AND NINTH EMERGENCY MOTION FOR CONTEMPT AND INJUNCTIVE
RELIEF:**

The Court, having heard the testimony of the parties, considered the evidence

presented, heard argument of counsel and being otherwise advised in the premises, the

Court finds as follows:

(i)      The Court has consistently admonished Former Wife not to discuss the

pending proceedings with the minor children.

(ii)      Specifically on Tuesday, March 22, 2011 in open court, the Court advised

Former Wife that she was not to discuss the upcoming supervised visits or the nature of

proceedings as it relates to this matter with the minor children.

(iii)      Former Wife has consistently testified that she did not discuss the

proceedings with the minor children but instead insists the minor children became aware of

the proceedings through newspaper stories and the efforts of the State Attorney's Office.

(iv)      Sometime during the month of July 2011, Former Wife created a blog which

she wrote with the assistance of her current husband, David Craig Price.

(v)      The blog was admitted into evidence in full was published on the internet and

set forth significant details with regard to this litigation as well as published inaccurate

statements with regard to this litigation.

(vi)      Former Wife admitted that the comments published in her blog by her and by

her current husband, David Craig Price, were not appropriate for her children to read and

9

that would be emotionally devastating for the children.

(vii)    Former Wife contended she placed parental controls to prohibit access to the blog by children.

(viii)    Former Husband testified he became aware of the blog from the parties' oldest adult child, Katherine Parrish.

(ix)    Former Husband testified he was able to access the blog without any restrictions or limitations.

(x)    Former Wife contended she did not instruct her children, Anne Parrish and Emma Parrish, to read the blog.

(xi)    Former Wife also testified she does not have texting capability on her cell phone nor does the minor child, Anne Parrish.

(xii)    Former Wife testified she did not tell her minor child, Anne Parrish, to instruct the minor child, Emma Parrish, to read the blog daily.  Former Wife also contended she did not instruct the minor child, Anne Parrish, to email the web address for the blog to the minor child, Emma Parrish.

(xiii)    Based upon evidence presented and an in-camera interview with the minor child, Anne Parrish, the Court concluded that the minor child, Anne Parrish, did in fact have the ability to text.

(xiv)    Based upon evidence submitted in Court and the in-camera interview with the minor child, Anne Parrish, the Court determined that in fact the minor child, Anne Parrish, did text the minor child, Emma Parrish.

(xv)    The blog contains information with regard to this litigation.  It also references Former Husband, the Court, the professionals in this case and even the eldest daughter of

10

the parties, Katherine Parrish.

(xvi)    Former Wife contended she created the blog as a form of therapy for herself to make herself feel better and cope with the stress of this litigation.

(xvii)    There were other less obtrusive and destructive methods for Former Wife to cope with this litigation.

(xviii)    Former Wife acted contrary to the best interest of the minor children of the parties in publishing this blog.

(xix)    The continued participation in a blog of this nature by Former Wife will cause irreparable harm to the children.

(xx)    Former Husband incurred attorney's fees and costs in pursuing the Ninth Motion for Contempt.

(xxi)    The Guardian Ad Litem expended time in addressing issues revolving around the blog.

Based upon the above Findings of Fact, it is,

ORDERED AND ADJUDGED, as follows:

1.    Former Husband's Ninth Emergency Motion for Contempt and for Injunctive Relief against Former Wife is hereby GRANTED.

2.    The Court permanently enjoins Former Wife from publishing, participating, posting or otherwise communicating, directly or indirectly, through published means whether it is in the form of a Blog, the internet, newspapers or otherwise with regard to relaying to the minor children the circumstances of this litigation, the nature of these proceedings, disparagement of Former Husband or any of the professionals involved in this litigation, or otherwise using that method of communication for the purpose of alienating

11

the minor children from Former Husband or attempting to influence the minor children with regard to their participation in court proceedings and manipulate the testimony of the minor children throughout the minority of the children.

3.    The Former Husband's request for an award of attorney's fees and costs for the necessity of pursuing this motion is hereby **GRANTED.**

4.    The Court reserves jurisdiction for a determination of the amount of attorney's fees and costs and the entry of a judgment against Former Wife for said fees and costs.

5.    The Court allocates the Guardian Ad Litem fees related to addressing issues revolving around the Blog to Former Wife and reserves jurisdiction for the determination of the amount and the entry of a Judgment against Former Wife for said amount.

6.    The Court finds Former Wife in contempt of the pronouncement of the Court on March 22, 2011, the Order of this Court of June 17, 2011 and the Order of April 8, 2011.

7.    The Court reserves jurisdiction for the enforcement of this Order.

**E.    Reservation of allocation of attorney's fees for attorney representing the Guardian Ad Litem contained in the November 30, 2011 and December 1, 2011 Order:**

Based upon the testimony of the parties, the Court finds as follows with regard to the reservation of allocation of attorney's fees for attorney representing the Guardian Ad Litem contained in the November 30, 2011 and December 1, 2011 Order:

(i)    On November 30, 2011, this Court entered an Order on Former Wife's Motion to Compel and for Attorney's Fees. In paragraph 5 of said Order, the Court appointed Beverly Brennan, Esq., as attorney for the Guardian Ad Litem, Holly B. Chernoff.

(ii)    The Court appointed Beverly Brennan, Esq. to represent the Guardian Ad Litem due to claims raised by Former Wife.

12

(iii)    In Paragraph 6 of said Order, Former Husband stipulated and the Court accepted said stipulation to advance the funds to pay the fees of Beverly Brennan, Esq., however, the Court specifically reserved jurisdiction for the apportionment of those fees if appropriate between the parties.

(iv)    On December 1, 2011, this Court entered an Order appointing counsel for the Guardian Ad Litem and appointed Beverly Brennan, Esq.

(v)    Former Wife had the opportunity to withdraw her claims against the Guardian Ad Litem prior to the retention of the attorney for the Guardian Ad Litem but failed to do so.

(vi)    On December 21, 2011, the Guardian Ad Litem advised counsel for both parties that she had not incurred any fees with Ms. Brennan and requested if Former Wife was abandoning her Motion for Removal so as to avoid any potential fees with Ms. Brennan.

(vii)    Former Wife did not abandon her claim at that time.

(viii)    In the afternoon of December 21, 2011, the Guardian Ad Litem met with attorney Beverly Brennan and Ms. Brennan began her representation of the Guardian Ad Litem.

(ix)    On December 29, 2011, at 1:30 p.m., Former Wife withdrew her Supplemental Petition for relief as well as all relief requested in all outstanding motions, including the Motion for Removal of the Guardian Ad Litem.

(x)    By that time, attorney's fees had already been expended on behalf of Ms. Brennan.

(xi)    During the course of the trial, January 4th - 6th 2012, the Former Wife

13

again raised issues revolving around the Guardian Ad Litem;

   (xii) By the time of trial, Ms. Brennan had expended in excess of six (6) hours in her representation of the Guardian Ad Litem from December 21, 2011 through the date of trial.

   (xiii) The Court finds that the six (6) hours expended by Beverly Brennan, Esq., counsel for the Guardian Ad Litem, were reasonable.

   (xiv) The hourly rate for Ms. Brennan is $300.00 per hour.

   (xv) The Court finds that the hourly rate is a reasonable given the expertise and experience of counsel for the Guardian Ad Litem and the prevailing rates in the community.

   (xvi) The Guardian Ad Litem spent three (3) hours in meeting with her counsel in preparation for the trial.

   (xvii) Former Husband incurred attorney's fees in the presentation of the request for allocation.

  Based upon the above findings of fact, with regard to the reservation of allocation of attorney's fees for the attorney representing the Guardian Ad Litem and the Orders of November 30, 2011 and December 1, 2011, it is

  **ORDERED AND ADJUDGED** as follows:

  1. The request of Former Husband to allocate the attorney's fees for the attorney representing the Guardian Ad Litem completely to Former Wife is **GRANTED**.

  2. The attorney's fees for the attorney representing the Guardian Ad Litem are $1,815.00 and as such judgment is hereby entered against the Former Wife in favor of the law offices of Beverly L. Brennan, P.A. in the amount of **$1,815.00** for which sum let

14

execution issue. Furthermore, Former Wife is to pay said sum within ten (10) days of the entry of this Order to counsel for the Guardian Ad Litem.

3.      The request of Former Husband to allocate the Guardian Ad Litem's fees related to the conference with counsel for the Guardian Ad Litem to Former Wife is **GRANTED**.

4.      Judgment is hereby entered against Former Wife in favor of the Guardian Ad Litem, Holly B. Chernoff, in the additional amount of **$900.00** for which sum let execution issue. Former Wife is ordered to pay said sum to the Guardian Ad Litem, Holly B. Chernoff, within ten (10) days of the execution of this Order.

5.      Former Husband is entitled to an award of attorney's fees and costs for the request of allocation of attorney's fees pursuant to the November 30, and December 1, 2011 Orders. The Court reserves jurisdiction for the entry of an Order establishing the amount and for the entry of a judgment against Former Wife.

F.      **FORMER HUSBAND'S TENTH MOTION FOR CONTEMPT DATED SEPTEMBER 6, 2011:**

THIS CAUSE having come on to be heard upon the Former Husband's Tenth Motion for Contempt dated September 6, 2011 and the Court having heard testimony of the parties, having considered the evidence and the argument of counsel, finds as follows:

(i)      The marriage of the parties was dissolved pursuant to a Final Judgment of Dissolution of Marriage entered by the Court on December 27, 2002, which incorporated a Marital Settlement Agreement dated June 18, 2002.

(ii)     Article I, Paragraph 1.5 of the Marital Settlement Agreement required both parties to consult and cooperate with each other and share the decision making

15

responsibilities regarding issues impacting the minor children and in particular, issues impacting the education of the minor children.

(iii)    The Agreement also provided that each parent shall have the right to receive information with regard to the health, education and welfare of the children.

(iv)    Former Wife previously enrolled the minor child, Anne Parrish, in a school known as Adonai Academy for the 2010/2011 school year.

(v)    Former Wife enrolled the minor child, Anne Parrish, in said Academy without consulting Former Husband in advance.

(vi)    In the Fall of 2011, Former Wife withdrew the minor child, Anne Parrish, from Adonai Academy before and without consulting Former Husband.

(vii)    Thereafter, Former Wife enrolled the minor child, Anne Parrish, in Barron Collier High School without consulting Former Husband in advance or advising the Court or the Guardian Ad Litem in advance.

(viii)    Former Wife unilaterally made the decision to enroll the minor child, Anne Parrish, in Barron Collier High School.

(ix)    Former Wife was fully aware of the nature of this litigation and the interest Former Husband has in the status of the minor child, Anne Parrish.

(x)    The failure to consult with Former Husband in enrolling the minor child in school demonstrates Former Wife's continued unwillingness to recognize shared parental responsibility between the parties.

(xi)    Former Wife also represented during these proceedings that the minor child, Anne Parrish, was academically successful at Barron Collier High School.

(xii)    In fact, the academic performance of the minor child, Anne Parrish, at Barron

16

Collier High School has been poor.

(xiii)    Former Wife also interfered with the ability of Former Husband to obtain an educational evaluation of the minor child, Anne Parrish.

(xiv)    Former Wife was clearly aware of Former Husband's request to have an educational evaluation and in fact this Court's Order with regard to the educational evaluation demonstrating Former Husband's interest in participating in educational decisions impacting the minor child, Anne Parrish.

(xv)    Former Wife's failure to consult Former Husband with regard to educational decisions impacting the minor child, Anne Parrish, constitutes contempt.

(xvi)    Former Husband has incurred attorney's fees and costs in the prosecution of this Motion for Contempt.

Based upon the above Findings of Fact and being otherwise advised in the premises, it is

ORDERED AND ADJUDGED as follows:

1.    Former Husband's Tenth Motion for Contempt of September 6, 2011, is hereby GRANTED.

2.    Former Wife is directed to provide any transcripts or records regarding Anne Parrish from Barron Collier High School immediately to Former Husband.

3.    The Former Husband's request for an award of attorney's fees and costs for the necessity of pursuing this motion is hereby GRANTED.

4.    The Court reserves jurisdiction for a determination of the amount of attorney's fees and costs and the entry of a judgment against Former Wife for said fees and costs.

G.    FORMER HUSBAND'S ELEVENTH MOTION FOR CONTEMPT DATED

17

**SEPTEMBER 6, 2011:**

THIS CAUSE having come on to be heard upon the Former Husband's Eleventh Motion for Contempt dated September 6, 2011, and the Court having heard testimony of the parties, having considered the evidence and the argument of counsel, and being otherwise advised in the premises, finds as follows:

(i)      Former Husband filed an Eleventh Motion for Contempt alleging that Former Wife continued to publish stories contrary to the Order of this Court dated August 4, 2011 and August 26, 2011.

(ii)     Former Wife denies granting any further interviews after the entry of the August 4, 2011 Order.

Based upon the above Findings of Fact and being otherwise advised in the premises, it is

ORDERED AND ADJUDGED as follows:

1.      Former Husband's Eleventh Motion for Contempt dated September 6, 2011 is hereby DENIED.

H.    FORMER HUSBAND'S TWELFTH MOTION FOR CONTEMPT DATED OCTOBER 7, 2011:

THIS CAUSE having come on to be heard upon the Former Husband's Twelfth Motion for Contempt dated October 7, 2011, and the Court having heard testimony of the parties, having considered the evidence and argument of counsel, and being otherwise advised in the premises, finds as follows:

(i)      Former Husband filed a Twelfth Motion for Contempt alleging Former Wife discussed the evaluation with Dr. Carter with the minor child, Anne Parrish.

18

(ii)    Former Husband alleged this was a violation of the admonishment of the Court of March 22, 2011 and the Order of the Court of June 17, 2011.

Based upon the above Findings of Fact and being otherwise advised in the premises, it is

**ORDERED AND ADJUDGED** as follows:

1.    Former Husband's Twelfth Motion for Contempt dated October 7, 2011 is hereby **DENIED**.

**I.    FORMER HUSBAND'S THIRTEENTH MOTION FOR CONTEMPT DATED OCTOBER 7, 2011:**

THIS CAUSE having come on to be heard upon the Former Husband's Thirteenth Motion for Contempt dated October 7, 2011, and the Court having heard testimony of the parties, having considered the evidence and the argument of counsel, and being otherwise advised in the premises, finds as follows:

(i)    Former Husband filed the Thirteenth Motion for Contempt dated October 7, 2011, alleging Former Wife failed to appear at a Judicial Case Management Conference on October 6, 2011 at 9:00 a.m.

(ii)    Former Wife's counsel appeared at the Judicial Case Management Conference on October 6, 2011 and Former Wife did not appear.

(iii)    The Notice of Judicial Case Management Conference was issued on September 15, 2011, setting said Conference for October 6, 2011 at 9:00 a.m.

(iv)    It is not clear that Former Wife was required to appear in person as opposed to by counsel at the Judicial Case Management Conference.

Based upon the above Findings of Fact and being otherwise advised in the

Exhibit "1"

premises, it is

ORDERED AND ADJUDGED as follows:

1.      Former Husband's Thirteenth Motion for Contempt dated October 7, 2011 is hereby DENIED.

J.   FORMER HUSBAND'S FOURTEENTH MOTION FOR CONTEMPT DATED OCTOBER 14, 2011:

THIS CAUSE having come on to be heard upon the Former Husband's Fourteenth Motion for Contempt dated October 14, 2011, and the Court having heard testimony of the parties, having considered the evidence and argument of counsel, and being otherwise advised in the premises, finds as follows:

(i)      Former Husband filed his Fourteenth Motion for Contempt dated October 14, 2011, alleging the Former Wife had violated the admonishment of the Court of March 22, 2011 and the prior orders of the Court regarding discussing the pending litigation with the minor children of the parties.

(ii)     On March 22, 2011, the Court specifically admonished Former Wife from discussing the nature of the proceedings with the minor children.

(iii)    The Court entered an Order on April 8, 2011, enjoining Former Wife from revealing aspects of the litigation to the minor children.

(iv)    The Court entered an Order on June 17, 2011 enjoining Former Wife from discussing any information with regard to the litigation with the minor children and specifically with the minor child, Anne Parrish.

(v)     On October 6, 2011, Former Wife prepared with the minor child, Anne Parrish, an Affidavit of the minor child, Anne Parrish.

Exhibit "1"

(vi)    Former Wife did not request permission of the Court to obtain testimony of the minor child, Anne Parrish.

(vii)   Former Wife prepared the Affidavit of the minor child, Anne Parrish, on October 6, 2011 in the kitchen of Former Wife.

(viii)  Former Wife sat with the minor child, Anne Parrish, and the two of them typed the Affidavit together.

(ix)    Former Wife attached to the Affidavit, the Order from the Criminal proceeding dated August 25, 2022, outlining the criminal charges.

(x)     Former Wife also attached an exhibit explaining the nature of the felony charges pending against Former Husband.

(xi)    The minor child, Anne Parrish, had access to the exhibits.

(xii)   The Affidavit provided details of the evaluation that occurred with Dr. Carter on October 5, 2011.

(xiii)  Former Wife admitted to discussing those details with the minor child, Anne Parrish, at that time.

(xiv)   The Affidavit prepared by Former Wife sets forth certain inaccuracies with regard to the events of October 5, 2011.

(xv)    Former Wife then delivered the minor child, Anne Parrish, to the office of the current husband of Former Wife so that the document could be notarized.

(xvi)   Despite the notary acclamation that the Affidavit was executed after the minor child, Anne Parrish, was sworn and affirmed under oath to the truthfulness of the claims, the testimony of the notary public, Maribel Santos, demonstrates in fact the minor child was not sworn nor did she affirm under oath to the truthfulness of the claims made in the

Affidavit.

    (xvii)   After placing the caption of the family law case on the Affidavit, Former Wife then delivered the Affidavit to the Collier County Sheriff's Office.

    (xviii)   Former Wife testified that she prepared the Affidavit of the minor child at the direction of her attorney, Shayna K. Cavanaugh, Esq.

    (xix)   The Guardian Ad Litem testified that the minor child, Anne Parrish, admitted that she signed the Affidavit but had not read the Affidavit.

    (xx)   Former Wife contends she prepared the Affidavit because of her belief that Former Husband had violated an Order of the Criminal Court, despite preparing the Affidavit for the family law case.

    (xxi)   Former Wife could have deposed Former Husband, the Guardian Ad Litem or the evaluator to obtain the information necessary to pursue the alleged violation of the "no contact" Order in the criminal case.

    (xxii)   It was unnecessary and inappropriate for Former Wife to involve the minor child, Anne Parrish, in said litigation.

    (xxiii)   The Guardian Ad Litem testified the minor child was being influenced to make certain statements regardless of the truthfulness of the statements at the direction of Former Wife and that the minor child, Anne Parrish, did not understand the purpose of the Affidavit.

    (xxiv)   The actions of Former Wife constitute contempt.

    (xxv)   Former Husband incurred attorney's fees and costs in the prosecution of this motion.

    (xxvi)   The Guardian Ad Litem incurred expenses with regard to issues revolving

Exhibit "1"

around the Affidavit.

Based upon the above Findings of Fact and being otherwise advised in the premises, it is

ORDERED AND ADJUDGED as follows:

1.    Former Husband's Fourteenth Motion for Contempt dated October 14, 2011 is hereby GRANTED.

2.    Former Wife is in contempt for her failure to comply with the Orders of the Court of March 22, 2011, April 8, 2011 and June 17, 2011 and for manipulating the testimony of a witness in this matter.

3.    Former Husband is awarded entitlement to his attorney's fees and costs including any costs of the Guardian Ad Litem and/or the evaluator associated with this contempt and the Affidavit and the Court reserves jurisdiction for the determination of the amount and the entry of Judgment against Former Wife.

K.    FORMER HUSBAND'S VERIFIED FIFTEENTH EMERGENCY MOTION FOR CONTEMPT DATED NOVEMBER 10, 2011:

THIS CAUSE having come on to be heard upon the Former Husband's Verified Fifteenth Emergency Motion for Contempt dated November 10, 2011, and the Court having heard testimony of the parties, having considered the evidence and argument of counsel, and being otherwise advised in the premises, finds as follows:

(i)    Former Husband filed his Verified Fifteenth Emergency Motion for Contempt alleging a violation of the no contact Order by Former Wife.

(ii)    Former Wife has consistently demonstrated her willingness to disregard Orders of the Court and pursue her objectives in contradiction of said Orders.

23

(iii)    This Court entered an Order on August 26, 2011 restricting Former Wife's access to the minor child, Emma Parrish, to supervised visitation.

(iv)    Former Wife was aware of said Order and in fact filed an Expedited Motion for Parenting Time with Minor Children on November 9, 2011, wherein Former Wife acknowledged she is only permitted supervised parenting time with the minor child, Emma Parrish, and requested the opportunity to see the minor child, Emma Parrish, at the Village School.

(v)    The Order of June 17, 2011, limits Former Wife's contact with the minor child, Emma Parrish, to one (1) hour of supervised visitation two (2) times per week through the Children's Advocacy Center in Collier County.

(vi)    The minor child, Emma Parrish, was enrolled at the Village School of Naples, Florida for the 2010/2011 school year.

(vii)    At the end of the 2010/2011 school year, Former Wife, through the minor child, Emma Parrish, announced to Former Husband that the minor child, Emma Parrish, would be unable to return to the Village School because her tuition had not been paid.

(viii)    Thereafter, Former Wife, on the following day advised Former Husband via correspondence that tuition was due by that day at 5:00 p.m., however Former Wife waited until the end of the day to advise Former Husband.

(ix)    As a result of the actions of Former Wife, the status of the minor child, Emma Parrish, at the Village School was put in jeopardy.

(x)    Former Husband put forth efforts and made arrangements to re-enroll the minor child, Emma Parrish, and was successful in that effort. As such, the minor child, Emma Parrish, returned to the Village School beginning the 2011/2012 school year.

24

(xi)    Former Wife was aware of this circumstance.

(xii)    Former Wife represented in her financial affidavit that she is a homemaker and has no income.

(xiii)    Former Wife failed to disclose in 2011 she had worked as a substitute teacher at the Village School.

(xiv)    Former Wife failed to file an updated financial affidavit even though one was requested by Former Husband and thereby did not disclose that she had worked as a substitute teacher in 2011 at the Village School.

(xv)    Former Wife did not disclose to Former Husband or the Court that she had secured employment at the Village School.

(xvi)    Former Wife's insistence on participating either as a volunteer, employee, teacher's assistant or substitute teacher at the Village School constitutes a violation of the Orders of June 17, 2011 and August 26, 2011.

(xvii)    The actions of Former Wife constitute contempt.

Based upon the above Findings of Fact and being otherwise advised in the premises, it is

**ORDERED AND ADJUDGED** as follows:

1.    Former Husband's Verified Fifteenth Emergency Motion for Contempt dated November 10, 2011 is hereby **GRANTED**.

2.    Former Wife is in contempt for her failure to comply with the Orders of this Court of June 17, 2011 and August 26, 2011.

3.    Former Husband is awarded attorney's fees, costs and Guardian Ad Litem fees incurred associated with the prosecution of this Motion for Contempt and the Court

25

reserves jurisdiction for the determination of the amount and the entry of a Judgment against Former Wife.

L.    FORMER HUSBAND'S VERIFIED EMERGENCY SIXTEENTH MOTION FOR CONTEMPT AND AMENDED MOTION FOR TEMPORARY CUSTODY OF THE MINOR CHILD, ANNE PARRISH, OR IN THE ALTERNATIVE, FOR PLACEMENT OF MINOR CHILD WITH A THIRD PARTY DATED NOVEMBER 10, 2011:

THIS CAUSE having come on to be heard upon the Former Husband's Verified Emergency Sixteenth Motion for Contempt and Amended Motion for Temporary Custody of the Minor Child, Anne Parrish, or in the Alternative, for Placement of Minor Child with a Third Party dated November 10, 2011, and the Court having heard testimony of the parties, having considered the evidence and argument of counsel, and being otherwise advised in the premises, finds as follows:

(i)    Former Husband filed his Verified Emergency Sixteenth Motion for Contempt and Amended Motion for Temporary Custody of the Minor Child, Anne Parrish, or in the Alternative, for Placement of Minor Child with a Third Party dated November 10, 2011, alleging the Former Wife had violated the admonishment of the Court of March 22, 2011 and the prior orders of the Court regarding discussing the pending litigation with the minor children of the parties.

(ii)    On March 22, 2011, the Court specifically admonished Former Wife from discussing the nature of the proceedings with the minor children.

(iii)    The Court entered an Order on April 8, 2011, enjoining Former Wife from revealing aspects of the litigation to the minor children.

(iv).    The Court entered an Order on June 17, 2011 enjoining Former Wife from discussing any information with regard to the litigation with the minor children and

26

specifically with the minor child, Anne Parrish.

(v)     On November 2, 2011, Former Husband deposed Dawn Chamberlain, who was a witness in the Family Law case and in the Criminal Court case.

(vi)     Dawn Chamberlain appeared at the trial on January 4th, 5th and 6th, 2012 via her deposition.

(vii)     Dawn Chamberlain is the individual to whom the minor child, Anne Parrish, ran away in 2009 and 2010.

(viii)     Dawn Chamberlain testified that on Sunday, October 30, 2011, two days before her deposition, she received a phone call from the minor child, Anne Parrish.

(ix)     Dawn Chamberlain testified that she had not heard from the minor child, Anne Parrish, in quite sometime.

(x)     Dawn Chamberlain testified that she had never spoken to Former Wife prior to that date.

(xi)     Dawn Chamberlain testified that on Sunday, October 30, 2011, the minor child, Anne Parrish, called for the purpose of introducing Former Wife to Dawn Chamberlain.

(xii)     Dawn Chamberlain testified that the minor child was present during the telephone conversation and she could hear the minor child while she talked with Former Wife.

(xiii)     Dawn Chamberlain testified that the minor child talked to her about the upcoming deposition on November 2, 2011.

(xiv)     Dawn Chamberlain testified that Former Wife told Ms. Chamberlain to "watch her back" as Former Husband was a dangerous man, while the minor child, Anne Parrish,

27

was in the background.

(xv)    Dawn Chamberlain testified Former Wife told her Former Husband had thrown her through a window.

(xvi)    It is clear Former Wife was using the minor child, Anne Parrish, to access witnesses in this litigation and to discuss this litigation with those witnesses in the presence of the minor child, Anne Parrish.

(xvii)    The statements of Former Wife to Dawn Chamberlain are inappropriate, run the risk of alienating the minor child and manipulating the minor child's testimony as well as the testimony of Dawn Chamberlain.

(xviii)    The involvement of the minor child, Anne Parrish, in this litigation is inappropriate, destructive and a form of contempt.

(xix)    The Court has on numerous occasions, prior to October 30, 2011, admonished Former Wife not to involve the minor children in this litigation.

(xx)    Former Husband incurred attorney's fees and costs in the prosecution of this motion.

Based upon the above Findings of Fact and being otherwise advised in the premises, it is

ORDERED AND ADJUDGED as follows:

1.    Former Husband's Verified Emergency Sixteenth Motion for Contempt and Amended Motion for Temporary Custody of the Minor Child, Anne Parrish, or in the Alternative, for Placement of Minor Child with a Third Party dated November 10, 2011, is hereby **GRANTED** in part and **DENIED** in part. The Sixteenth Motion for Contempt and Amended Motion for Temporary Custody of the Minor Child, Anne Parrish is **GRANTED**.

28

The Motion in the Alternative for Placement of the Minor Child with the Third Party is **DENIED**.

2.    Former Wife is in contempt for her failure to comply with the Orders of this Court dated March 22, 2011, April 8, 2011 and June 17, 2011 by involving the minor child, Anne Parrish, in this litigation and attempting to influence and manipulate the testimony of the minor child.

3.    Former Husband is awarded attorney's fees and costs for the investigation and prosecution of this motion and the Court reserves jurisdiction for the determination of the amount and entry of a Judgment for said amount against Former Wife.

M.    **FORMER HUSBAND'S EMERGENCY MOTIONS TO COMPEL AND FOR CONTEMPT DATED DECEMBER 13, 2011 AND DECEMBER 20, 2011:**

THIS CAUSE having come on to be heard upon the Former Husband's Emergency Seventeenth and Eighteenth Motions to Compel and for Contempt dated December 13, 2011 and December 20, 2011, and the Court having heard testimony of the parties, having considered the evidence presented and argument of counsel, and being otherwise advised in the premises, finds as follows:

(i)    Former Wife was set for deposition on December 12, 2011.

(ii)    The deposition was properly set and Former Wife was aware of said deposition.

(iii)    The Notice for Deposition provided that the deposition would continue until completed.

(iv)    Former Wife left the deposition prior to the completion of the deposition and failed to return.

29

(v)    Former Wife also refused to answer questions with regard to her second husband, Gerald Bodart, and the circumstances surrounding that relationship and the litigation with that individual and the impact on the Parrish children during the relationship at that time.

(vi)    Former Wife contended that she could not answer the questions because of a confidentiality agreement.

(vii)    Former Wife failed and never produced the confidentiality agreement.

(viii)    The current husband of Former Wife, David Craig Price, was also noticed for deposition on December 12, 2011.

(viii)    The current husband of Former Wife left his deposition before completion as well.

(ix)    The current husband of Former Wife, David Craig Price, refused to answer questions with regard to litigation with Mr. Gerald Bodart and the relationship with Gerald Bodart alleging a confidentiality agreement.

(x)    Neither the Former Wife nor the deponent, David Craig Price, filed a motion for a protective order asserting the confidentiality agreement in advance of the deposition.

(xi)    Both parties were aware the case was set for trial on January 4, 2012.

(xii)    Former Husband incurred the expense of court reporters for said depositions.

(xiii)    Former Husband incurred the expense of attorney's fees of the depositions and in the prosecution of this motion.

Based upon the above Findings of Fact and being otherwise advised in the premises, it is

ORDERED AND ADJUDGED as follows:

30

1.    Former Husband's Emergency Seventeenth and Eighteenth Motions to Compel and for Contempt dated December 13, 2011 and December 20, 2011 are hereby **GRANTED.**

2.    Former Wife is in contempt for her failure to complete the deposition.

3.    Former Husband is awarded attorney's fees and costs for the prosecution of these motions as well as the attorney's fees and costs including, but not limited to, the court reporter fees for the depositions conducted on December 12, 2011, and reserves jurisdiction for the determination of the amount and entry of a Judgment for said amount against Former Wife.

**N.    FORMER HUSBAND'S EMERGENCY MOTIONS TO COMPEL AND FOR CONTEMPT DATED DECEMBER 28, 2011:**

THIS CAUSE having come on to be heard upon the Former Husband's Emergency Nineteenth Motion for Contempt dated December 28, 2011, and the Court having heard testimony of the parties, having considered the evidence presented and argument of counsel, and being otherwise advised in the premises, finds as follows:

(i)    The deposition of Former Wife which was originally set for December 12, 2011 at 9:00 a.m. was rescheduled for December 27, 2011, at 9:00 a.m. pursuant to an Order compelling Former Wife to appear for said deposition announced in open court.

(ii)    The Court entered its order based upon the Emergency Motion to Compel and for Contempt filed by Former Husband on December 13, 2011.

(iii)    The deposition was set for December 27, 2011 because Former Wife and her current husband, David Craig Price, alleged that they were unavailable the week before.

(iv)    Counsel for Former Husband rearranged his personal vacation time to

31

accommodate the completion of the depositions of Former Wife and Former Wife's current husband on December 27, 2011.

(v)    Former Wife was aware and was properly noticed to appear at the deposition on December 27, 2011.

(vi)    Former Wife appeared at the deposition but contended she was having medical issues and was not willing to stay for her deposition.

(vii)    Former Wife left before the deposition started without permission.

(viii)    Former Wife's current husband, David Craig Price, was also noticed to appear for the continuation of his deposition on December 27, 2011.

(ix)    Counsel for Former Husband coordinated the appearance of David Craig Price through counsel for Former Wife who represented that David Craig Price would appear on that date and time.

(x)    Counsel for Former Wife appeared for the deposition of David Craig Price but the deponent, David Craig Price, did not appear.

(xi)    David Craig Price has never presented a basis for why he did not appear.

(xii)    Former Wife has failed to set forth a legitimate medical basis for why she did not allow the completion of her deposition.

(xiii)    Former Wife has testified she has experienced hypertension, anxiety and stress for an extended period of time.

(xiv)    Former Wife has testified in open court that she could no longer take the litigation and that she was intending on stopping the proceedings then.

(xv)    From the testimony, it would appear Former Wife has experienced hypertension and other stress related symptoms for at least one and a half years.

32

(xvi)    Former Wife had other opportunities in advance of the deposition and even at the deposition to address the issue.

(xvii)    Former Wife did not address the issues nor accommodate the request for the deposition.

(xviii)    Former Husband has incurred attorney's fees and costs, including but not limited to the costs of court reporters and a videographer to appear at the depositions.

(xix)    The actions of Former Wife constitute contempt.

Based upon the above Findings of Fact and being otherwise advised in the premises, it is

**ORDERED AND ADJUDGED** as follows:

1.    Former Husband's Emergency Nineteenth Motion for Contempt dated December 28, 2011 is hereby **GRANTED**.

2.    Former Wife's actions constitute contempt.

3.    Former Husband is awarded attorney's fees and costs for the prosecution of this motion as well as the attorney's fees and costs including, but not limited to, the court reporter fees and videographer fees for the depositions of December 27, 2011, in the amount of **$615.00**.

4.    Judgment is hereby entered against Former Wife in the amount of **$615.00**, which shall be paid within twenty (20) days of the entry of this Order, for which sum let execution issue.

5.    The Court reserves jurisdiction for the determination of the amount of attorney's fees and additional costs to be awarded to Former Husband, including but not limited to, the fees incurred for the prosecution of the motion and also for the preparation

Exhibit "1"

and attendance at both depositions and for the entry of a Judgment against Former Wife.

ORDERED AND ADJUDGED, that Former Husband's Attorney's Fees hearing has been set for February 21, 2012 at 1:30 p.m. for one-half day.

DONE AND ORDERED at Naples, Collier County, Florida, this ___ day of February, 2012.

The original of this
document was signed

BY:_____

FEB 0 3 2012

Honorable Lauren Levy Brodie
Twentieth Judicial Circuit
By Lauren L. Brodie
Circuit Court Judge

cc:    J. Christopher Lombardo, Esq.
       Shayna K. Cavanaugh, Esq.
       Holly B. Chernoff, Esq.

34

Exhibit "1"

IN THE COUNTY/CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN
AND FOR COLLIER COUNTY, FLORIDA _____*CIVIL*_____ DIVISION

*IN RE:*

*JULIE S. PRICE F/K/A JULIE PARRISH*

*Former Wife / Petitioner*

v.                                                     CASE NO. *00·3468·CA*

*JON D. PARRISH*

*Former Husband / Respondent*

~~ORDER~~
*STIPULATED FINAL JUDGMENT*

                                               *Former Husband's*
THIS CAUSE having come to be heard on ~~Defendant's/Plaintiff's~~

Motion to/for *FEES AND COSTS* _____ ,

and the Court having heard argument of counsel and being otherwise

advised in the premises, It is hereby,

        ORDERED AND ADJUDGED that said Motion is granted/denied.

*JUDGMENT IS HEREBY ENTERED AGAINST FORMER WIFE JULIE*
*PRICE AND IN FAVOR OF FORMER HUSBAND, JON D. PARRISH*
*FOR ATTORNEY FEES, EXPERT FEES AND COURT COSTS IN*
_____ *(cont. page 2).*

        DONE AND ORDERED, in Naples, Collier County, Florida, this

*18* day of _____*April*_____ , 20 *12* .

                                        *Lauren L Brodie*
                                        HONORABLE
                                        County/Circuit Judge

Coples Furnished to:

*James Lombardo*  } *open*
*Shayna Cavanaugh* } *court 4/18/12*
                      *@ 2*

Exhibit "1"

Case No. OO·346B    ·CA-01

THE TOTAL AMOUNT OF ONE HUNDRED AND THIRTY - FIVE
THOUSAND DOLLARS ($135,000.00) FOR WHICH SUM
LET EXECUTION ISSUE. THIS JUDGMENT AND SAID
SUM SHALL EARN INTEREST AT THE STATUTORY RATE
FROM THE DATE OF THE ENTRY OF THIS JUDGMENT.

Page 2 of 12

**Exhibit "1"**