# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

In re:

JULIE SATTERFIELD-PRICE,   Chapter 13
                           Case No.: 9:12-bk-11704-FMD
       Debtor.
_____/

JON DOUGLAS PARRISH,

       Plaintiff,
v.
                           Ad. Pro. No.: 9:12-ap-01152-FMD
JULIE SATTERFIELD-PRICE,

       Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS COMPLAINT

Julie Satterfield-Price (**"Defendant"**), by and through undersigned counsel and pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure (**"FRCP" or "Rules"**), applicable herein through Rules 7008 and 7012(b) of the Federal Rules of Bankruptcy Procedure (**"FRBP" or "Bankruptcy Rules"**), hereby file this Motion to Dismiss (**"Motion"**) the Complaint filed by Jon Douglas Parrish (**"Complaint"**), and state as follows:

### PRELIMINARY STATEMENT

For the reasons further expounded upon herein, Defendants respectfully request dismissal of the Complaint. Defendants submit that Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to plead with the requisite clarity as required by Rule 8(a).

## JURISDICITION AND VENUE

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a "core" proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(I), to the extent that the Complaint seeks to make determinations as to the dischargeability of particular debts.  Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## PROCEDURAL HISTORY

On July 31, 2012 (**"Petition Date"**), Defendants filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code in the Middle District of Florida.  On September 14, 2012, a section 341 meeting of creditors was held and concluded.  On December 13, 2012, Plaintiff filed the above-captioned Adversary Proceeding to which this dismissal request is directed.

## STATEMENT OF THE FACTS

Plaintiff is an alleged creditor of the Defendant. (Compl. ¶ 2).  On February 3, 2012, the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida entered an Omnibus Order in a dissolution proceeding between both parties. (Compl. Exhibit 1).  The circuit court judge made numerous findings of fact on seventeen (17) different motions and reservations of orders and awarded Plaintiff attorney fees for a majority of them. (Compl. Exhibit 1).  The circuit court judge set a hearing to determine Plaintiff's attorney's fees for February 21, 2012. (Compl. Exhibit 1).  On April 18, 2012 a Stipulated Final Judgment was awarded in favor of Plaintiff in the amount of $135,000.

**LEGAL ARGUMENT**

Defendants respectfully request that the Court enter an Order dismissing the Complaint. For the reasons enumerated below, Defendants submit that the Complaint does not state a claim for relief nor does it adequately comport with the requirements of Rule 8.

When considering a motion to dismiss, the court must accept the well-pleaded facts in the complaint as true and construe them in the light most favorable to the non-moving party. *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide 'grounds' to his 'entitle{ment} to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id., at 557.

*The Complaint should be dismissed for*
*Failure to Sufficiently Plead in Accordance with Rule 8(a)*

Rule 8 is applicable to this adversary proceeding by operation of Bankruptcy Rule 7008. In pertinent part, Rule 8(a) requires that in order to state a claim for relief, pleadings must contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of pleading under the Rules is to give adverse parties fair notice of the claims. When considering a motion to dismiss, a court decides whether the plaintiff has alleged facts sufficient to state a cognizable claim for relief.

In the instant case, Plaintiff's Complaint fails to make even a barebones recital of the facts required to state a claim for relief under Section 523(a)(5). Section 523(a)(5) states that, "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt – for a domestic support obligation." Section 101(14A) defines a domestic support obligation as,

> a debt...owed to or recoverable by a spouse, former spouse, or child of the debtor...in the nature of alimony, maintenance, or support (including assistance provided by a government unit) of such spouse, former spouse, or child of the debtor...established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of a separation agreement, divorce decree, or property settlement agreement; an order of a court of record; or a determination made in accordance with applicable nonbankruptcy law...

Accordingly, the complaint would need to allege facts that would make it plausible that the debt owed by defendant was owed to a spouse, former spouse, or child; the debt was in the nature of alimony, maintenance, or support, of said spouse, former spouse, or child; and that the debt came about by way of a family law proceeding. Plaintiff's complaint falls woefully short. The only allegation in the complaint that relates to Section 523(a)(5) in any way is the allegation in paragraph four (4) that the debt is for domestic support. That is the kind of "formulistic recitation of elements" that the Supreme Court disallowed in *Twombly*. However, it is axiomatic that when the allegations in a complaint conflict with the exhibits thereto, the exhibits control. *E.g. Morris v. City of Orlando*, 2010 U.S. Dist. LEXIS 119090, fn 3. Here, the exhibit attached to the complaint does tend to show that Plaintiff and Defendant are former spouses, but the exhibit also is what makes the allegations in the complaint fatal. Exhibit 1 shows that the debt asserted consist of only attorney fees awarded as sanctions and not for support, alimony, or maintenance of the Plaintiff, therefore Plaintiff pled his way out of the definition of domestic

support obligation. Since the debt is not a debt for a domestic support obligation it cannot be nondischargeable under Section 523(a)(5) and hence Plaintiff has failed to show he is entitled to relief.

## CONCLUSION

The Complaint was not drafted with even reasonable specificity so as to enable Defendants to respond in anything by an uninformed and summary manner. The allegations concerning essential elements to the claim are either conclusory allegations or are lacking all together and are insufficient to withstand a motion to dismiss. *See, e.g., Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

WHEREFORE, Defendants respectfully request this Court dismiss the Complaint, grant attorney fees and costs to Defendants to be paid by Plaintiff, and for such further relief as this Court deems proper and just.

*Respectfully Submitted,*

THE DELLUTRI LAW GROUP, P.A.
1436 Royal Palm Square Blvd.
Fort Myers, FL  33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com

/s/ Joseph C. LoTempio, Esq.
JOSEPH C. LOTEMPIO, ESQ.
FBN: 0086097
jlotempio@DellutriLawGroup.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the persons named below via the Court's CM/ECF system or by U.S. first class mail on:

- Richard J. Hollander, counsel for Plaintiff

s/ Joseph C. LoTempio, Esq.
Joseph C. LoTempio, Esq.
FBN: 0086097
