UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:

JULIE SATTERFIELD-PRICE,

                Debtor.           CASE NO. 9:12-bk-11704-FMD

                                     CHAPTER 7

_____/

JON D. PARRISH,

Plaintiff,

vs.                                     ADV.PRO.NO. 12-ap-01152-FMD

JULIE SATTERFIELD-PRICE,

Defendant.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff, JON D. PARRISH, by and through his undersigned attorneys, and moves for summary judgment pursuant to Fed.R.Civ.P. 56, made applicable in bankruptcy proceedings by Bankruptcy Rule 7056, and in support thereof states as follows:

### STATEMENT OF THE CASE

Julie Satterfield-Price (Price) filed a voluntary petition under Chapter 13 of the Bankruptcy Code on July 31, 2012. Jon D. Parrish (Parrish) filed suit to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(5) on December 13, 2012.

## STATEMENT OF THE FACTS

Satterfield-Price and Parrish were married and subsequently divorced after having three children. The divorce was finalized on December 27, 2002. The dispute over child custody was exceptionally acrimonious and came to a head in 2010 after several allegations against both parties. At that point, one of the children was no longer a minor. Parrish was awarded full custody of minor EP in June 2011 and minor AP in February 2012. Price was required to pay for Parrish's attorney's fees and several other expenses as a result of the child custody litigation. This judgment is itemized in the Omnibus Order attached to the Complaint (D.E. 1).

## ARGUMENT

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). "A moving party is entitled to summary judgment if the nonmoving party has 'failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" In re Walker, 48 F.3d 1161, 1163 (11th Cir.1995) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323

(1986)). "[T]he nonmoving party 'may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial.' Fed.R.Civ.P. 56(e)(2). As the Supreme Court has explained: 'When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.' *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)." *In re Delco Oil, Inc.*, 599 F.3d 1255, 1258 (11th Cir.2010).

**A. There is no genuine issue as to any material fact in the dispute between Parrish and Satterfield-Price.**

Price has not disputed any of the facts as determined in the Collier County judgment. As this is a prior final finding of fact by a court of law as to the actions that took place between the parties, res judicata and collateral estoppel apply to the Omnibus Order. All material facts were decided in the judgment, so there are no genuine issues as to any material fact remaining.

**B. Parrish is entitled to judgment as a matter of law.**

The party seeking to declare a debt nondischargeable has the burden of proof and the standard of proof is preponderance of the evidence. Fed. R. Bankr.P. 4005; *Grogan v. Garner,* 498 U.S. 279, 287 (1991). The bankruptcy court has to make a determination as to whether the debt is in the nature of alimony or support, or part of a property settlement, in deciding whether to declare the debt nondischargeable. *Cummings v. Cummings,* 244 F.3d 1263, 1266 (11th Cir.2001); *Castillo v. Prater,* 231 B.R. 819, 821 (Bankr.M.D.Fla.1999). If the debt is in the nature of support, the debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(5). *Id.* Federal bankruptcy law, not state law, determines whether a debt is in the nature of support or property settlement. *Id.*

The grounds for the domestic support debt stem from an Omnibus Order in the child custody litigation. The Omnibus Order was entered on February 3, 2012 by Judge Lauren Brodie in Collier County Circuit Court. The Order assesses fees and costs against the debtor in regard to a number of different incidents arising out of the child custody litigation. The state court found eleven separate grounds for fees and costs to be awarded to Mr. Parrish.

The award of fees and costs is itemized as follows, following the state judgment's structure:

A. Attorney's fees and costs of a parental evaluation to assess the Debtor's fitness as a parent. The Debtor engaged in several behaviors that caused the cost to be "significantly greater... due to Former Wife's actions."

B. Attorney's fees and costs for an educational evaluation to monitor minor AP's poor academic performance. The evaluation did not take place because the Debtor told the minor that the purpose of the evaluation was to send her to boarding school.

C. Sanctions for failure to go to parental evaluation. The "sanctions" referred to in this section include criminal contempt but not punitive fees. The fees and costs assessed against the debtor include attorneys fees, guardian ad litem costs, and the costs of the evaluation that did not take place.

D. Injunction over manipulating the minor children via an internet blog. Mr. Parrish was awarded attorney's fees for prosecuting the motion and guardian ad litem fees.

E. Guardian ad litem fees. They are significantly higher due to the Debtor's allegations against the guardian ad litem.

F. Attorney's fees to enforce violation of the marital settlement agreement for unilaterally changing minor AP's school.

G. No fees assessed.

H. No fees assessed.

I. No fees assessed.

J. Guardian ad litem fees, Mr. Parrish's attorney's fees and costs, and the cost of an evaluation springing from the Debtor's pressuring of minor AP to sign an affidavit that she had not read and to make statements "regardless of the truthfulness" of the statements to further the Debtor's ends in the litigation.

K.  Guardian ad litem fees and attorney's fees. The Debtor deliberately jeopardized minor EP's ability to re-enroll in school and failed to appropriately disclose her income to the court.

L.  Attorney's fees. The Debtor used her minor child to contact witnesses to attempt to sway their testimony in the custody suit.

M.  Attorney's fees and costs for court reporter. The Debtor failed to produce a confidentiality document and never returned to her required deposition during the custody dispute.

N.  Attorney's fees and costs for court reporter. The Debtor left a required deposition early and her current husband failed to appear at a required deposition relating to the custody dispute.

It is important to note the blended character of debt in each section of the Omnibus Order. Attorney's fees and guardian ad litem fees are mixed into one single state-court award. However, bankruptcy courts evaluate the different aspects of domestic support judgments separately. While the entire sum of the judgment is not dischargeable under § 523(a)(5), the reasoning behind such a determination is different for each separate kind of custody litigation-incurred debt. Each character of debt will be addressed individually as follows:

**1. Attorney's fees and costs.**

Most of the money the Debtor owes to Mr. Parrish is from the attorney's fees he incurred enforcing violations of the marital settlement agreement and obtaining full custody of his two minor

daughters. "A majority of courts have held that an award of attorney fees incurred in a custody proceeding is nondischargeable." *In re Hendricks*, 248 B.R. 652, 657 (Bankr.M.D.FLa.2000). The Eleventh Circuit has previously determined that attorney's fees can be legitimately characterized as domestic support and are therefore not dischargeable in bankruptcy. *In re Strickland*, 90 F.3d 444, 447 (11th Cir. 1996). "Unless the obligation to pay a spouse's attorney's fees in clearly in the nature of a property settlement, it will be deemed non-dischargeable." *In re Shaw*, 67 B.R. 911 (Bankr.M.D.Fla.1986).

Some courts have determined that attorney's fees related to custody disputes are not dischargeable because they ultimately run to the benefit of the child. "Generally, custody actions are directed towards determining which party can provide the best home for the child and are, therefore, held for the child's benefit and support. Therefore, in order that genuine support obligations are not improperly discharged, we hold that the term 'support' encompasses the issue of custody absent unusual circumstances..." *In re Jones*, 9 F.3d 878, 881-82 (10th Cir.1993).

In this situation, Mr. Parrish was awarded sole custody of his two minor children. Discharging the significant sum of money that is owed to him as a result of the child custody

litigation would put his ability to support the one remaining minor at risk. This public policy concern was addressed in the *Strickland* opinion, and was a reason for the broad approach it took toward not discharging debts incurred in child custody disputes.

Hypothetically, perhaps a small portion of the attorney's fees and costs awarded to Mr. Parrish did not have to do with child custody. It is possible that Mr. Parrish's attorney provided some sort of service not directly related to the custody dispute that the Debtor is now ordered to pay for as a result of the Omnibus Order. This is irrelevant for dischargeability purposes. "[T]o the extent the [state court] attorney provided non-support related services to his client, the issues were so intertwined with the support issues, they are not divisible." *In re Mellor*, 340 B.R. 419, 421 (Bankr.M.D.Fla.2006). Any fees related to visitation are similarly not dischargeable. *In re Mellor, Id.*, citing *In re Rosenblatt*, 176 B.R. 76 (Bankr.S.D.Fla.1994).

**2. Guardian ad litem fees.**

A portion of the judgment debt that the Debtor owes to Mr. Parrish stems from guardian ad litem fees that were generated in their long and bitter custody dispute. It is widely accepted that these are nondischargeable as falling under 523(a)(5)'s

purview. "[T]he vast majority of courts [hold] that guardian ad litem fees in child custody proceedings are in the nature of support, and are not dischargeable under § 523(a)(5)." *In re Ramirez*, 2000 WL 356314, 6 (Bankr.N.D.Ill.2000). The Middle District is in this majority: Judge Paskay determined the same in *In re Ross*, 247 B.R. 333, 334 (Bankr.M.D.Fla.2000).

The fact that a guardian ad litem is not a spouse or former spouse does not change this outcome, as the fees are enforceable by the former spouse. A debtor's obligation for the portion of fees owed to the guardian ad litem in the custody dispute were nondischargeable in a Chapter 13 as a domestic support obligation, even though the guardian ad litem is not a former spouse. *In re Kassicieh*, 467 B.R. 445 (Bankr.S.D.Ohio 2012).

**3. Sanctions.**

The Debtor has argued that the entire Omnibus Order is in the nature of sanctions and is therefore not domestic support entitled to be excepted from discharge. While it is true that the word "sanctions" does appear approximately four times in the 34-page document, these are not monetary penalties, such as the term is commonly used in bankruptcy court. As Judge Funk previously recognized, "[T]he terms or labels used in the state court's judgment are not controlling on the issue" of the

dischargeable character of state court family law judgments. *In re Edwards*, 261 B.R. 523, 525 (Bankr.M.D.Fla.2001).

Section C, with the questionable title, specifically itemizes what funds are to be assessed against the Debtor. It goes on to list Mr. Parrish's attorney's fees and costs, as well as those of the guardian ad litem, the supervisor of visitation, and the parental evaluator. The amount that the Debtor owes as a result of the "sanctions" is not a punitive award or bonus to Mr. Parrish, but a reimbursement of actual expenses that were incurred and were grossly inflated as a result of the Debtor's criminal behavior in the custody proceeding.

Even if these attorney's fees and costs incurred by third-parties were punitive, they would probably still be nondischargeable due to being incurred in relation to a child custody proceeding. The only law that exists to discharge an award of attorney's fees in a child custody proceeding is when the state court <u>specifically</u> enumerates that the imposition of fees was "not based upon the respective wages or ability of the parties to pay." *In re Lopez*, 405 B.R. 382, 384 (Bankr.S.D.Fla.2009).

No such finding has been made in this situation. "[T]he Court notes that in each case [child custody fees were discharged] the trial court that awarded the fees made clear that the awards were meant exclusively as sanctions and that the

relevant financial circumstances of the parties were <u>not</u> considered." *In re Hutton*, 463 B.R. 819, 830 (Bankr.W.D.Tex.2011)(emphasis added), citing *In re Lopez* as an example.

The state court, having determined custody and child support, was intimately knowledgeable of the Debtor's financial situation and deemed her able to pay Mr. Parrish's attorney's fees. No such finding that the fees were awarded against her ability to pay was ever made. An explicit finding of such has been required in each case that has discharged attorney's fees characterized as sanctions in a child custody dispute. Section C is the only award of fees to Mr. Parrish in the document that includes the word "sanctions." All other sections of the Order should be treated on the face of the document as not being sanctions. The Debtor's assertion that the entire Omnibus Order is sanctions is disingenuous as contrary to the plain language of the Order, and, as explained above, without an explicit finding that the fees are being assessed against the Debtor's ability to pay, is also irrelevant. No such finding exists.

## CONCLUSION

Summary judgment for Parrish is proper because no genuine issue as to any material fact exists and he is entitled to judgment as a matter of law. "A child custody proceeding is **always** in the nature of child support and an award of attorney's fees against the Debtor becomes a nondischargeable debt pursuant to Section 523(a)(5)." *In re Ross*, 247 B.R. 333, 334 (Bankr.M.D.Fla.2000)(emphasis added). The Court must limit its consideration to this pleading and the written instruments attached to it as exhibits. Fed.R.Civ.P. 12(d); *GSW Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir.1993).

The Debtor owes a significant sum of money to Mr. Parrish as the result of a state court Order in their custody dispute over their two then-minor daughters. The amount of money owed is a combination of attorney's fees and costs and funds owed to other professionals, including the guardian ad litem and her attorney, court reporters, the supervisor of visitation, educational evaluators, and parenting evaluators. Nowhere in the Omnibus Order is there a finding that the money owed is punitive in nature.

Despite the lack of such a finding, it is important to note who is responsible for generating the attorney's and other professionals' fees. Mr. Parrish would not have incurred the

amount of attorney's fees he did but for the Debtor's choices. She repeatedly chose to act in violation of court order and Mr. Parrish had to use his attorney to enforce his rights at least nineteen times. Now, the Debtor seeks to discharge the fees Mr. Parrish incurred because of the Debtor's actions and harm his ability to support the minor child for whom he has sole custody. Preventing such a situation is exactly the policy behind the *Strickland* decision.

While family law matters may seem murky, the law is clear. Attorney's fees awarded in child custody actions are not dischargeable. The expenses of guardians ad litem and other professionals inextricably intertwined in the custody process are not dischargeable. Fees for sanctions lacking an explicit finding that the assessment is made without regard to ability to pay are not dischargeable. The debt owed to Mr. Parrish is entirely in the nature of a domestic support obligation. The debt owed to him should be excepted from discharge. "By virtue of § 523(a)(5), Congress has chosen between two competing interests—those of bankrupts and those of their former spouses and offspring—and it chose in favor of the latter." *Forsdick v. Turgeon*, 812 F.2d 801, 802 (2nd Cir.1987).

Respectfully submitted,

JON D. PARRISH

By: _____
Richard J. Hollander (FL No. 884900)
Katherine E. Iskin (FL No. 073023)
Miller and Hollander
Attorneys for Defendants
2430 Shadowlawn Dr. #18
Naples, FL 34112
239-775-2000

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the U.S. Trustee, 501 E. Polk Street, Suite 1200, Tampa, FL 33602, Jon M. Waage, Trustee, P.O. Box 25001, Bradenton, FL 34206-5001 and Carmen Dellutri, Esquire, 1435 Royal Palm Square Boulevard, Fort Myers, FL 33919-1049, by first class U.S. Mail, postage fully prepaid or by electronic notice, this __4__ day of __February__, 2013.

MILLER AND HOLLANDER
Attorneys for Debtor
2430 Shadowlawn Drive, Suite 18
Naples, FL 34112
Telephone 239-775-2000
Facsimile 239-775-7953

By: _____
Richard J. Hollander
Florida Bar No. 884900
Edward R. Miller
Florida Bar No. 182746
Gregory A. Champeau
Florida Bar No. 0602531
Katherine Everett Iskin
Florida Bar No. 073023

M:\USERS\Katherine\Motions\Parrish SJ.docx