UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:

JULIE SATTERFIELD-PRICE,

      Debtor.    CASE NO. 9:12-bk-11704-FMD

              CHAPTER 7

_____/

JON D. PARRISH,

Plaintiff,

vs.            ADV.PRO.NO. 12-ap-01152-FMD

JULIE SATTERFIELD-PRICE,

Defendant.

### PLAINTIFF'S REPLY

"A child custody proceeding is <u>always</u> in the nature of child support and an award of attorney's fees against the Debtor becomes a nondischargeable debt pursuant to Section 523(a)(5)."
 -Judge Paskay
*In re Ross*, 247 B.R. 333, 334 (Bankr.M.D.Fla.2000)(emphasis added).

  COMES NOW Plaintiff, JON D. PARRISH, by and through his undersigned attorneys, and files this reply to Defendant's Response Affidavit, and in support thereof states as follows:

**ARGUMENT**

Defendant's Response Affidavit attempts to create a factual dispute as to whether the fees, costs, or other funds awarded to Mr. Parrish in the Omnibus Order are in the nature of domestic support. There is no factual dispute and summary judgment in Parrish's favor is appropriate.

Paragraph 5 of the Affidavit states that none of the fees in the Order "were in connection with any litigation over child support, alimony, or other issues of support or maintenance." Paragraph 6 goes on to state that "[a]ll of the fees, costs, and other monies awarded to Mr. Parrish... were in connection with various motions to compel and motions for contempt..." The substance of these motions to compel and for contempt is child custody and visitation.

Parrish never alleged that the nature of the domestic support owed to him was in the form of child support or alimony. Rather, the fact that the state court litigation centered entirely upon the question of child custody and visitation means that any attorney's fees that arise from such litigation are in the nature of domestic support, as the Motion for Summary Judgment explains in greater detail.

"A majority of courts have held that an award of attorney fees incurred in a custody proceeding is nondischargeable." *In re Hendricks*, 248 B.R. 652, 657 (Bankr.M.D.Fla.2000). The

Eleventh Circuit has previously determined that attorney's fees can be legitimately characterized as domestic support and are therefore not dischargeable in bankruptcy. *In re Strickland*, 90 F.3d 444, 447 (11th Cir. 1996). "Unless the obligation to pay a spouse's attorney's fees is **clearly** in the nature of a property settlement, it will be deemed non-dischargeable." *In re Shaw*, 67 B.R. 911 (Bankr.M.D.Fla.1986)(emphasis added).

The Stipulated Final Judgment reads as follows: "This Cause having come to be heard on Former Husband's Motion to/for Fees and Costs… Judgment is hereby entered against former wife, Julie Price and in favor of former husband, Jon D. Parrish, for attorney fees, expert fees and court costs in the total amount of [$135.000][sic]…" See Exhibit. This is a black-letter judgment granting attorneys fees and not subject to attack as being anything else.

The litigation that led to the Omnibus Order was over child custody and visitation, despite the confusing titles the state court may have put on the proceedings. The Defendant has neither rebutted nor denied the substance of the litigation. The Defendant's Response, Affidavit actually supports this proposition. The Court must limit its consideration to Parrish's pleading and the written instruments attached to it as exhibits. Fed.R.Civ.P. 12(d); *GSW Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir.1993). The Stipulated Final Judgment

functions as res judicata. It grants attorneys fees and costs that were incurred in child custody litigation. Any fees related to visitation are not dischargeable. *In re Mellor*, 340 B.R. 419, 421 (Bankr.M.D.Fla.2006), citing *In re Rosenblatt*, 176 B.R. 76 (Bankr.S.D.Fla.1994). There is no factual dispute.

## CONCLUSION

Nothing in the Defendant's Response Affidavit raises a factual question. Child support and alimony are not the entire universe of nondischargeable debts under § 523(a)(5), as case law has made exceptionally clear. The Omnibus Order awarded Parrish a sum of money determined in the Stipulated Final Judgment that included attorney's fees and costs as a result of the child custody litigation. There is no factual dispute. Parrish's Motion for Summary Judgment should be granted.

"By virtue of § 523(a)(5), Congress has chosen between two competing interests—those of bankrupts and those of their former spouses and offspring—and it chose in favor of the latter." *Forsdick v. Turgeon*, 812 F.2d 801, 802 (2nd Cir.1987).

Respectfully submitted,

JON D. PARRISH

By: /s/ 
Richard J. Hollander (FL No. 884900)
Katherine E. Iskin (FL No. 073023)

Miller and Hollander
Attorneys for Defendants
2430 Shadowlawn Dr. #18
Naples, FL 34112
239-775-2000

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the U.S. Trustee, 501 E. Polk Street, Suite 1200, Tampa, FL 33602, Jon M. Waage, Trustee, P.O. Box 25001, Bradenton, FL 34206-5001 and Carmen Dellutri, Esquire, 1435 Royal Palm Square Boulevard, Fort Myers, FL 33919-1049, by first class U.S. Mail, postage fully prepaid or by electronic notice, this __6__ day of __May__, 2013.

MILLER AND HOLLANDER
Attorneys for Debtor
2430 Shadowlawn Drive, Suite 18
Naples, FL 34112
Telephone 239-775-2000
Facsimile 239-775-7953

By: _____

Katherine Everett Iskin
Florida Bar No. 073023

M:\USERS\Katherine\Motions\Parrish reply.docx

IN THE COUNTY/CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA _CIVIL_ DIVISION

IN RE:

_Julie S. Price f/k/a Julie Parrish_
_Former Wife/Petitioner_

v.                                          CASE NO. _10-3468-CA_

_Jon D. Parrish_
_Former Husband/Respondent_

~~ORDER~~
STIPULATED FINAL JUDGMENT

THIS CAUSE having come to be heard on ~~Defendant's/Plaintiff's~~ _Former Husband's_

Motion to/for _FEES AND COSTS_,

and the Court having heard argument of counsel and being otherwise

advised in the premises, it is hereby,

ORDERED AND ADJUDGED that said Motion is (granted)/denied.
_JUDGMENT IS HEREBY ENTERED AGAINST FORMER WIFE, JULIE_
_PRICE AND IN FAVOR OF FORMER HUSBAND, JON D. PARRISH_
* _FOR ATTORNEY FEES, EXPERT FEES AND COURT COSTS IN_
_____. (cont. page 2)._

DONE AND ORDERED, in Naples, Collier County, Florida, this
_18_ day of _April_, 20_12_.

_Lauren L. Brodie_
HONORABLE
County/Circuit Judge

Copies Furnished to:
_James Lombardo_
_Shayna Cavanaugh_ } open court 4/18/12

2

Case No. 00-3468-CA-01

THE TOTAL AMOUNT OF ONE HUNDRED AND THIRTY-FIVE THOUSAND DOLLARS ($135,000.00) FOR WHICH SUM LET EXECUTION ISSUE. THIS JUDGMENT AND SAID SUM SHALL EARN INTEREST AT THE STATUTORY RATE FROM THE DATE OF THE ENTRY OF THIS JUDGMENT.

Page 2 of 12